**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TIMOTHY SNEED,**

    **Petitioner,**

v.                                                             Case No. 4:21cv420-AW/MAF

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,**

    **Respondent.**

_____/

### REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS AND DIRECT RESPONDENT TO FILE ANSWER

On October 18, 2021, Petitioner Timothy Sneed, a state inmate proceeding pro se, filed an "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner challenges the calculation of his sentence by the Department of Corrections (DOC). *See* ECF No. 1. In particular, Petitioner asserts that the "continuous and ongoing" miscalculation of his jail credit "has prolonged his release by approximately six (6) years." *Id*. at 10. According to the DOC's website, Petitioner's "current release date" is April 1, 2024. *See* www.dc.state.fl.us/ offenderSearch.

By order on October 28, 2021, this Court directed Respondent to file an answer, motion, or other response on or before November 29, 2021.

ECF No. 4; *see* Rules 4 and 5, R. Gov. § 2254 Cases in U.S. Dist. Cts.   The docket reflects a receipt indicating Respondent received this Court's order.   ECF No. 5.   Respondent did not timely file a response; indeed, prior to January 5, 2022, Respondent had not filed anything in this case, despite several courtesy calls in December 2021 from the Clerk's Office of this Court.

On or about December 13, 2021, Petitioner filed a "Motion to Take Judicial Notice for Disposition."   ECF No. 6.   Petitioner pointed out, among other things, that Respondent did not complied with this Court's order and he requested immediate release.   *Id*.

Thereafter, by order on December 20, 2021, this Court directed Respondent to show cause on or before January 5, 2022, why the matter should not be considered on the merits.   ECF No. 7.   In response to that order, on January 5, 2022, Respondent filed a Motion to Dismiss Second or Successive Petition for Writ of Habeas Corpus, with attachments.   ECF No. 9.   Petitioner has filed an Objection and Reply to Respondent's Motion to Dismiss.   ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration,

the undersigned has determined no evidentiary hearing is required for the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the motion to dismiss should be denied and Respondent should be directed to file an answer to the habeas petition.

## Analysis

As indicated above, and in this Court's previous orders, Petitioner Sneed filed this "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Department of Corrections (DOC). See ECF Nos. 1, 4, 7. In particular, Petitioner asserts that the "continuous and ongoing" miscalculation of his jail credit "has prolonged his release by approximately six (6) years." ECF No. 1 at 10. Sneed filed his habeas petition pursuant to 28 U.S.C. § 2241, but his petition is governed by both § 2241 and § 2254 because he is in custody pursuant to a state court judgment. See Medberry v. Crosby, 351 F.3d 1049, 1064 (11th Cir. 2003) (holding that both § 2241 and § 2254 apply to habeas corpus petitions filed under § 2241 where petitioner "is in custody pursuant to the judgment of a state court"); Thomas v. Crosby, 371 F.3d 782, 787-88 (11th Cir. 2004) (applying Medberry and indicating that state

prisoner's habeas petition, filed on the § 2241 form and challenging state parole commission's setting of his presumptive parole release date, was properly brought under § 2241 but was subject to the rules and restrictions of § 2254, because he was in custody pursuant to state court judgment).

In its motion to dismiss, Respondent asserts "Petitioner seeks relief from judgment of conviction and sentence for second-degree murder with a firearm in Miami-Dade County, Florida, Circuit Court case number 1998-CF-33905." ECF No. 9 at 1. Respondent points out that Petitioner Sneed has previously sought relief from his judgment and sentence by petition filed pursuant to 28 U.S.C. § 2254 in the Southern District of Florida, which that court denied. *Id*. at 3. Respondent asserts that Petitioner Sneed has not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. *Id*. at 4. Accordingly, Respondent concludes, the instant habeas petition should be dismissed because, without the Eleventh Circuit's authorization, this Court lacks jurisdiction. *Id*. at 5.

Petitioner Sneed has filed an Objection and Reply to Respondent's Motion to Dismiss. ECF No. 10. Sneed points out, among other things, that he is challenging "the execution of the sentence rather than the validity of the underlying conviction." *Id*. at 3. He asserts "[t]he matters giving rise

to this present [petition] did not exist until November 15, 2012, when the Florida Department of Corrections (D.O.C.) employee's illegally rescinded, and/or retracted and backdated Petitioner's 'Tentative Release Date,' where D.O.C. employees recalculated Mr. Sneed's release date from July 14, 2023, to reflect a 'Tentative Release Date of December 30, 2026,' rescinding the previously awarded jail-time credit of 1,265 days and DOC's refusal to award the 45 days of post sentencing jail-time credit." *Id*. at 6. He asserts his current petition "is not subject to 'second or successive restrictions.'" *Id*.

A review of the petition filed in this case indicates Sneed is not challenging the validity of his state court conviction and sentence, as he did in his earlier § 2254 petition. *See* ECF No. 1. In this petition, as this Court has previously indicated, Sneed is challenging the manner in which his sentence is being executed, specifically the release date established by the Department of Corrections. *See* ECF Nos. 1, 4, 7; *see also* ECF No. 10. Accordingly, this § 2254 petition is not successive and Respondent's motion to dismiss the petition on that basis should be denied. See, e.g., Medberry, 351 F.3d at 1061-62 (indicating that § 2254 petition challenging prison disciplinary proceeding would not be prohibited as successive where petitioner had previous petition challenging his conviction or sentence: "[A]

petition challenging such disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ."). *See also, e.g.*, James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (indicating challenge to calculation of release date was not second or successive § 2254 petition within meaning of 28 U.S.C. § 2244, where "the present claim had not arisen by 1997, when James filed his first habeas petition").

In a footnote in its motion to dismiss, Respondent suggests that, if dismissal is denied, "the Miami Division of the Southern District of Florida is the appropriate venue in this cause because it is in the state Circuit Court of Miami-Dade County, the Florida Third District Court of Appeal in Miami, as well as the Criminal Appeals Division of the Office of the Attorney General in Miami where state court records associated with Petitioner's case and persons who are familiar therewith, are located." ECF No. 9 at 5, n.2. Respondent's suggestion is not well taken.

Sneed is challenging the release date established by the Department of Corrections and his petition, filed pursuant to § 2241, is subject to both § 2241 and § 2254. *See* ECF Nos. 1, 4, 7, 10. Sneed filed this petition in the Northern District, the district in which he is incarcerated and the district

in which the Florida Department of Corrections, the entity that established his release date, is headquartered. *See* 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). At this point, nothing indicates the validity of Sneed's release date calculation can be resolved in the Southern District any more conveniently than in this District. Notably, given Sneed's allegations in his petition and reply to the motion to dismiss, his petition may be untimely.

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss this petition as successive (ECF No. 9) be **DENIED**. It is further recommended that Respondent be directed to file an answer, motion, or other response to the habeas petition within thirty (30) days of the order adopting this Report and Recommendation, if the district court agrees, and that Petitioner be permitted to file a reply within thirty (30) days after service of Respondent's answer, motion, or other response.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2022.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.