# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TIMOTHY SNEED,**

    **Petitioner,**

v.                                                      **Case No. 4:21cv420-AW/MAF**

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On October 18, 2021, Petitioner Timothy Sneed, a state inmate proceeding pro se, filed an "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner challenges the calculation of his sentence by the Department of Corrections (DOC). *See* ECF No. 1. In particular, Petitioner asserts the "continuous and ongoing" miscalculation of his jail credit "has prolonged his release by approximately six (6) years." *Id*. at 10. According to the DOC's website, his "current release date" is April 1, 2024. *See* www.dc.state.fl.us/ offenderSearch.

By order on October 28, 2021, this Court directed Respondent to file an answer, motion, or other response on or before November 29, 2021. ECF No. 4; *see* Rules 4 and 5, R. Gov. § 2254 Cases in U.S. Dist. Cts. The docket reflects a receipt indicating Respondent received this Court's order.

ECF No. 5. Respondent did not timely file a response; indeed, prior to January 5, 2022, Respondent had not filed anything in this case, despite several courtesy calls in December 2021 from the Clerk's Office of this Court.

On or about December 13, 2021, Petitioner filed a "Motion to Take Judicial Notice for Disposition." ECF No. 6. Petitioner pointed out, among other things, that Respondent did not comply with this Court's order and he requested immediate release. *Id*.

Thereafter, by order on December 20, 2021, this Court directed Respondent to show cause on or before January 5, 2022, why the matter should not be considered on the merits. ECF No. 7. In response to that order, on January 5, 2022, Respondent filed a Motion to Dismiss Second or Successive Petition for Writ of Habeas Corpus, with attachments. ECF No. 9. Petitioner filed an Objection and Reply to Respondent's Motion to Dismiss. ECF No. 10.

In a Report and Recommendation filed January 20, 2022, the undersigned determined that the petition was not successive, and recommended that the motion to dismiss be denied and that Respondent be directed to file an answer to the habeas petition within thirty (30) days of the order adopting the Report and Recommendation, if the district court agreed.

ECF No. 11.  The undersigned rejected Respondent's assertion that, if the motion to dismiss was denied, the case should be transferred to the Southern District, and also noted the petition may be untimely.  *Id*. at 6-7.

By order dated March 25, 2022, docketed on March 28, 2022, the district judge adopted the Report and Recommendation, denied Respondent's motion to dismiss, and directed Respondent to respond to the petition within thirty (30) days.  ECF No. 14.  By May 2, 2022, this Court had not received anything from Respondent and the Clerk's Office once again made a courtesy call regarding the missed deadline.

On the afternoon of May 2, a third counsel for Respondent filed a notice of appearance, ECF No. 16, as well as a Motion for Extension of Time to File Response to Petition, ECF No. 17.  In the motion, counsel requested an extension of time until June 1 to file a response to the petition.  ECF No. 17 at 1.  Counsel acknowledged that, in his petition, Sneed had alleged Respondent "has incorrectly calculated and/or considered his credit for time served in calculating his current release date from custody" and he seeks "immediate release from custody."  *Id*.  Counsel explained the case "was originally assigned to the Criminal Appeals Unit of the Office of the Attorney General for representation of Respondent, and a Motion to Dismiss was

filed." *Id*. at 1-2. After that, "[i]t was determined that this action should be assigned to the Corrections Litigation Unit," and Senior Assistant Attorney General Sheron Wells then filed a notice of appearance. *Id*. at 2. Counsel acknowledged that the Court denied the motion to dismiss and required a response within thirty (30) days thereafter, and "[t]hose 30 days elapsed on April 27, 2022." *Id*. Counsel then explained:

> Due to an unidentified administrative error, that deadline was inadvertently missed by counsel for Respondent in the midst of preparing an emergency response in another case on the deadline. This error was only brought to undersigned's attention today when former counsel for Respondent informed undersigned of the error that no response had been filed. Unfortunately, SAAG Wells is currently out of the office as a result of a family emergency and is therefore unable to immediately respond in order to seek this extension of time. Accordingly, undersigned has filed a limited appearance for the purpose of seeking an extension of time on behalf of counsel for Respondent to investigate Petitioner's claims and file a response to the Petition.

*Id*. Counsel asserted "the administrative error that occurred falls under the category of excusable neglect and respectfully seeks an extension of time to file a response." *Id*. at 3; *see* Fed. R. Civ. P. 6(b)(1)(B).

By order on May 3, 2022, the undersigned granted the requested extension in part, allowing Respondent until May 16, 2022, to file an answer, motion, or other response to the petition, and allowing Petitioner until May

31, 2022, to file a reply, if any. ECF No. 19. The order states:

> The undersigned is concerned about the extensive and needless delays caused by the apparent inattention to this case by the personnel of the Attorney General's Office. From the first order entered more than six months ago, ECF No. 4, the Court made Respondent aware that Petitioner Sneed had alleged his sentence had been miscalculated and he is due for immediate release. Respondent received that order November 12, 2021. ECF No. 5. Three attorneys have filed notices of appearance for Respondent. *See* ECF Nos. 8, 12, 16. Despite all this, to date, no meaningful substantive response to Petitioner's allegations has been filed. *See, e.g.*, Frick v. Quinlin, 631 F.2d 37, 40 (5th Cir. 1980) (noting government's tardiness in responding to habeas petition: "[W]e are disturbed by the government's singular disregard for appellant's procedural rights. . . . [which] could have resulted in an unjust and indefensible extension of incarceration. Although the government's handling of this case, from first to last, was disconcertingly irresponsible, on the facts the petitioner was not entitled to habeas corpus relief.").

ECF No. 19 at 6.

On May 16, 2022, Respondent filed a Motion to Dismiss as Untimely. ECF No. 21. In the motion, counsel for Respondent references exhibits; however, Respondent neglected to include the attached appendix containing the exhibits. *See id*. Accordingly, the Clerk's Office made another courtesy call to counsel for Respondent, who filed the appendix on June 6, 2022, ECF Nos. 24 and 25, and certified the exhibits were sent to Petitioner that day as well, *see* ECF No. 25 at 3.

In the meantime, in a filing submitted for mailing on May 18, 2022, and received by this Court on June 1, 2022, Petitioner indicated, among other things, that Respondent had not attached the exhibits to the motion to dismiss. ECF No. 22. Petitioner's deadline for filing a reply to the motion to dismiss was May 31, 2022. *See* ECF N. 19. Accordingly, by order on June 7, 2022, this Court extended the deadline for Petitioner's reply to June 21, 2022. ECF No. 27. Petitioner has now filed a reply. ECF No. 31.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Respondent's motion should be granted and the petition dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## <u>Analysis</u>

Petitioner Sneed is serving a sentence of thirty (30) years in prison, having been tried and convicted first in 2000, and then re-tried and convicted

again in 2005, for second degree murder in Miami-Dade County.  *See* Sneed v. State, 99 So. 3d 514 (Fla. 3d DCA 2011); Sneed v. State, 876 So. 2d 1235 (Fla. 3d DCA 2004); www.dc.state.fl.us/offenderSearch.  As indicated above, and in this Court's previous orders, Sneed filed this "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Department of Corrections (DOC).  *See* ECF Nos. 1, 4, 7, 11, 19.  In particular, he asserts that the "continuous and ongoing" miscalculation of his jail credit "has prolonged his release by approximately six (6) years."  ECF No. 1 at 10.

Sneed filed his habeas petition pursuant to 28 U.S.C. § 2241, but it is governed by both § 2241 and § 2254 because he is in custody pursuant to a state court judgment.  *See* Medberry v. Crosby, 351 F.3d 1049, 1064 (11th Cir. 2003) (holding that both § 2241 and § 2254 apply to habeas corpus petitions filed under § 2241 where petitioner "is in custody pursuant to the judgment of a state court"); Thomas v. Crosby, 371 F.3d 782, 787-88 (11th Cir. 2004) (applying Medberry and indicating state prisoner's habeas petition, filed on § 2241 form and challenging parole commission's setting of presumptive parole release date, was properly brought under § 2241 but was subject to rules and restrictions of § 2254).

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period include the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In the motion to dismiss filed May 16, 2022, Respondent asserts Sneed's petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(D) and he is not entitled to relief. ECF No. 21 at 6. In particular, Respondent asserts "[t]he factual predicate is the date Sneeds could have discovered through

due diligence how FDC applied his jail credit, and the one-year limitations period would begin on that date." *Id*. at 6. Respondent explains the trial court issued its order on Sneed's jail credit issue August 24, 2011, although "[t]he exact date the FDC processed that order, and the exact date the Sneed would have become aware of the application of the credit is not clear." *Id*.

The trial court ultimately awarded Sneed 2,701 days of credit for time served. Ex. F; *see* Ex. H, Ex. K. That order, by Judge Jorge Cueto, was dated August 24, 2011, although it is unclear what happened to it thereafter. Ex. F; *see* Ex. H at 5-6, Ex. K. Judge Cueto entered another order, also dated August 24, 2011, and stamped as "FILED FOR RECORD" on October 5, 2011. Ex. F at 4. That order provides: "DEFENDANT IS ENTITLED TO AN ADDITIONAL TWO THOUSAND SEVEN HUDGRED AND ONE (2701) DAYS ENTERED HEREIN IN THE ABOVE STYLED CASE." *Id*.

On January 5, 2012, the Third DCA issued an order stating, in full:

> The defendant was not awarded an additional credit of 2,701 days for time served. The trial court recalculated the number of days served and awarded the defendant a total (both local time and state time) of 2,701 days. If the trial court's order dated October 4, 2011 has not been submitted to the Department of Corrections, the Clerk of the Eleventh Judicial Circuit is directed to issue it forthwith.

Ex. K.

As Respondent indicates, in a grievance response dated April 3, 2012, Sneed was advised the court's order "is still being reviewed." Ex. L; *see* ECF No. 21 at 6. On May 15, 2012, Sneed filed a mandamus petition in Leon County Circuit Court, asserting DOC had not applied 2,746 days of credit to his sentence. Ex. G; *see* Ex. H at 6-7. Sneed attached to his petition, as Exhibit A, the order by Judge Cueto dated August 24, 2011, and filed October 5, 2011. Ex. G at Ex. A.

By order dated July 29, 2012, Judge Kevin J. Carroll denied the mandamus petition and explained that "[b]ecause the Petitioner's claim to an additional award of 2746 days of credit for time served contradicts the Third District's order, the Petitioner cannot establish a "clear legal right" to the relief requested." Ex. H at 9. Judge Carroll also explained:

> Unfortunately, upon re-trial and sentencing, the Eleventh Circuit failed to specifically award the Petitioner 2701 days of jail credit for all time previously spent incarcerated. However, in the "order Correcting Motion for Credit Time Served," the Eleventh Circuit correctly recognized the Petitioner's entitlement and specifically awarded 2701 days of credit. In doing so, the Eleventh Circuit expressly rejected the Petitioner's claim to 2746 days.
>
> Yet, in a corrected order issued the same day as the "Order Correcting Motion for Credit Time Served," the Eleventh Circuit suggested the Petitioner was entitled to an *additional* 2701 days. *See* Appendix, p. 46. However, an *additional* award of 2701 days would unnecessarily duplicate 495 days of jail credit

>because the 2701 days (10/07/98 through 2/28/06) already includes the 495 days spent in jail prior to re-trial (10/22/04 through 2/28/06 = 495 days).
>
>Apparently aware of this potential for duplicative credit, the Third District clearly stated that the Petitioner could only receive an award of 2701 days of jail credit . . . .
>
>Based upon the clear and unequivocal wording of the Third District's order, the Department correctly structured the Petitioner's sentence by only including a single award of jail credit. As documented by the Department's affidavit, that amount includes 2701 days.

Ex. H at 8-9.

Thus, according to Respondent, "it can be presumed that Sneed began the administrative grievance process shortly after the jail credit order was issued" in 2011, and Sneed had become "aware of the factual basis for his claim." ECF No. 21 at 7. Based on the foregoing, Respondent's assertions regarding "the date on which the factual predicate of the claim . . . could have been discovered," 28 U.S.C. § 2244(d)(1)(D), are well-taken. At least by the time he filed his mandamus petition in the circuit court in May 2012, Sneed knew of the factual predicate of the claim regarding the "additional" 2701 days of jail credit. *See* ECF No. 1 at 7-8, 10.

Following the circuit court's denial of his mandamus petition, Sneed sought certiorari review in the First District Court of Appeal (First DCA),

assigned case number 1D13-4257.  Ex. I.  A panel of the First DCA, consisting of Judges Benton, Van Nortwick, and Thomas, denied the petition on the merits on March 24, 2014.  Ex. J.  The mandate issued June 20, 2014.  Ex. G.

From the documentation and exhibits submitted by Sneed and by Respondent, it does not appear that Sneed filed anything else concerning this issue until over five years later, when he filed a grievance July 3, 2019. ECF No. 1 at 9, 24.  In this grievance, Sneed challenges his release date and again references the "additional" 2701 days of credit.  ECF No. 1 at 24. He asserts "after the Third [DCA] ordered that the additional (2,701) days be applied on the corrected sentence, the Department . . . improperly and illegally rescinded the (1,265) days of the previous award of jail time credit – per court order dated March 02, 2010, resulting in an incorrect tentative release date of 12-06-24, thereby causing Inmate Sneed to serve a longer sentence than he would have to serve but for the improper and illegal rescinded jail time credit."  *Id*. at 24-25.  He further asserts:

> Also, the Department failed to award Inmate Sneed approximately sixty-seven (67) days of post sentencing jail time credit that he spent in the Miami-Dade County Jail from February 28, 2006, to May 5, 2006, (while awaiting to be transported back to the Department) when he returned to South Florida Reception Center upon retrial and resentencing.  Therefore, Inmate Sneed

> is entitled to the improper rescinded jail time credit of 1,265 days and an additional of sixty-seven (67) days for post-sentencing jail-time credit for a total of 1,332 days of jailtime credit served. As such, the one-thousand-three-hundred-thirty-two (1,332); adding, with all gain-time award will entitled Inmate Sneed to an immediate release. Relief Requested: Restoration of the (1,265) days of the rescinded credit and (62) days of post-sentencing credit.

*Id*. at 25. Sneed asserts that after filing "numerous grievances" and following "the denial of the grievance filed on July 3, 2019," he filed a petition for writ of habeas corpus in August 2019 in the Fourteenth Judicial Circuit, Jackson County, Florida, which was denied on or about February 23, 2020. *Id*. at 10. He asserts he then sought review in the First DCA, case number 1D20-686, and that court denied relief on October 28, 2020. *Id*. at 11; *see* Sneed v. Inch, 320 So. 3d 148 (Fla. 1st DCA 2020) (table). He filed a motion for rehearing, which was denied March 29, 2021, and he attaches that order as Exhibit H to his petition. He therefore asserts his "emergency" petition, filed October 18, 2021, is timely. ECF No. 1 at 11.

As set forth above, Sneed's federal petition appears untimely as he knew of the factual predicate giving rise to the underlying claim regarding jail credit at least as of May 2012. Assuming the one-year AEDPA limitations period was tolled thereafter through the First DCA's issuance of its mandate on June 20, 2014, Ex. G, Sneed does not appear to have filed anything else

specifically challenging the credit issue until July 2019, well beyond the expiration of the one-year limitations period. *See, e.g.*, Webster v. Moore, 199 F.3d 1256, 1259 ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Sneed does not contend otherwise in his reply. ECF No. 31. Accordingly, Respondent's motion to dismiss the petition as untimely should be granted.

Notably, according to the affidavit from a DOC employee, dated May 10, 2022, and submitted by Respondent as Exhibit A, the Department has properly credited Sneed with the 2701 days and calculated his release date as April 1, 2024. ECF No. 25, Ex. A. In particular, Linda Santana indicates she is "a Correctional Services Assistant Consultant in the Office of Institutions, Bureau of Admission and Release of the Florida Department of Corrections and have been employed with the Department for over 45 years." *Id*. at 1. She states she has "personal knowledge of the procedures established by the Department as it relates to the calculation of time served or time remaining to be served on a state prison sentence." *Id*. Ms. Santana further states:

> On August 24, 2011, the Court clarified that Sneed was to be given credit for all time previously served from his arrest on

> October 7, 1998, through his resentencing on February 28, 2006; that period of time spans 2,701 days.
>
> The Department complied with the court's direction and Sneed's release date is applying all credit back to the date of his arrest on October 7, 1998 to first sentencing on November 9, 2000, then time served in custody both in the Department and the County Jail to date of resentence on February 28, 2006. October 7, 1998 through February 29 [sic], 2006 is a total of 2,701 days credit.
>
> By Department beginning Sneed's resentence on February 28, 2006, and applying 2,701 days credit, as well as gain-time accrued he has all credit specified by the court.

*Id*. at 2.  She then sets forth the dates and calculations:

> Date of Resentence                                February 28, 2006
>
> Thirty (30) Years in Days:                                +10950
>
> Original Jail Credit and Prison Credit 10/7/98 to 2/28/06:   -2701
>
> Maximum Release Date:                         September 29, 2028
>
> Gain-time Accrued (prior 166 days/current 1,596):         -1762
>
> Gain-time Forfeited due to Disciplinary Actions:          + 120
>
> Tentative Release Date:                            April 01, 2024

*Id*.  It thus appears that DOC has awarded Sneed all the jail credit he is due pursuant to the state courts' orders.

Moreover, to the extent Sneed here argues that DOC has miscalculated his release date, or the state court improperly applied Florida's

crediting statute, section 921.161, Florida Statutes, such presents an issue of state law and this Court lacks jurisdiction to review it. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67 (1991).

## Conclusion

The § 2254 petition is untimely. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 21, be **GRANTED**, and Petitioner Sneed's § 2241 habeas petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

State prisoners proceeding under § 2241 must obtain a certificate of appealability to appeal a district court order. Sawyer v. Holder, 326 F.3d

1363, 1364 n.3 (11th Cir. 2003). Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss this petition as untimely (ECF No. 21) be **GRANTED** and the § 2241 petition (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

IN CHAMBERS at Tallahassee, Florida, on June 29, 2022.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.