## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TIMOTHY SNEED,**

     **Petitioner,**

**v.**                                    **Case No. 4:21-cv-420-AW-MAF**

**RICKY D. DIXON, SECRETARY, DEPARTMENT OF CORRECTIONS,**

     **Respondent.**

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

The Respondent moved to dismiss Sneed's habeas petition[1] as untimely. *See* ECF Nos. 21, 25. The magistrate judge has recommended granting the motion. ECF No. 32. Sneed filed objections, arguing that the clock did not start until he "was entitled to immediate release at the end of his sentence." ECF No. 33 at 6.

Having carefully considered the matter, and having reviewed de novo the issues raised in the objections, I agree that the motion to dismiss should be granted. The Report and Recommendation (ECF No. 32) is adopted to the extent it concluded 28 U.S.C. § 2244(d)(1)(D) warranted dismissal for untimeliness.

---

[1] This is not Sneed's first postconviction challenge. *See, e.g.*, *Sneed v. State*, 201 So. 3d 48, 51 (Fla. 3d DCA 2015) (mem.) ("Sneed is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case number 98-33905."); *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x. 20 (11th Cir. 2012).

The § 2244(d)(1) one-year statute of limitation applies to a habeas petition "by a person in custody pursuant to the judgment of a State court." Sneed contends he is not in custody pursuant to a state-court judgment because he has served his full sentence already and is entitled to immediate release. But this argument hinges on Sneed's claim that he's entitled to additional credit for time served—a claim the state court has rejected. At any rate, an inmate is "in custody pursuant to the judgment of a state court" even where he challenges an administrative decision that he argues has impacted that custody. *See, e.g.*, *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam) (holding that § 2244(d) applied to a § 2241 petition brought to challenge state prisoner's parole revocation); *Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004) (finding that inmate was "in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency [a parole board] instead of a court"); *Medberry v. Crosby*, 351 F.3d 1049, 1054, 1062 (11th Cir. 2003) (holding that inmate's habeas petition challenging a disciplinary proceeding that resulted in the loss of gain time was subject to both § 2241 and § 2254 because he was in custody pursuant to the judgment of a state court, but noting that if "a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254").

In fairness to Sneed, much of the procedural history is confusing, and the state did not always get things right. More than ten years ago, the Third DCA recognized that "[t]his case has followed a tortuous path from Sneed's first trial in 2000 to his re-trial in 2005, and has continued with his subsequent unsuccessful attempts to receive the proper amount of credit for time served since his resentencing in 2006." *Sneed v. State*, 99 So. 3d 514, 514 (Fla. 3d DCA 2011) (mem.).

The basic history goes something like this. Sneed was convicted of murder in 2000 and sentenced to 35 years, with credit for 765 days. ECF No. 25 at 16-18. After a successful direct appeal, *id.* at 26, he got a new trial but was again convicted in 2006, *id.* at 28. The court then sentenced him to 30 years. *Id.* at 34. He should have had some 2,700 days' credit—for time dating back to his 1998 pretrial detention— but the court inexplicably granted him only 495. *Id.* at 36. Sneed moved for a correction, asking for 2,746 days. The court granted the motion and ordered an amended judgment. But the amended judgment had only 1,265 days' credit. ECF No. 1 at 14 (Order Correcting Sentence dated March 2, 2010 (nunc pro tunc February 28, 2006)). Sneed again sought relief in the trial court, but the court summarily denied his motion. *See Sneed*, 99 So. 3d at 514 (mem.). Sneed appealed to the Third DCA, where the state conceded error. *Id.* (noting that the State "conced[es] that Sneed is entitled to additional credit for time served"). But the DCA left it up to the trial court to figure just how much credit Sneed deserved. *Id.* (noting that according

3

to the State's calculations, "Sneed may be entitled to a total of 2,703 days credit, rather than 2,746 days that Sneed requests"). On remand, the trial court settled on 2,701, but it inexplicably ordered that Sneed receive "an additional" 2,701 days. ECF No. 25 at 44.

Sneed, understandably pleased with the order's use of the term "additional," insists that he is entitled to 2,701 days *plus* the 1,265 from his earlier judgment. ECF No. 1 at 8 ¶ 13. But the DCA rejected this idea, stating in a 2012 order that Sneed "was not awarded an additional credit of 2,701 days"; instead it was 2,701 days "total." ECF No. 25 at 43; *see also id*. at 41-42 (August 24, 2011 order stating that "[t]he Defendant shall be awarded a total of 2,701 days credit for time served"). Sometime later in 2012, the Department of Corrections modified Sneed's tentative release date based on the new—finally correct—time-served calculation. *Cf.* ECF No. 21 at 6-7 (Respondent's motion to dismiss, noting that "exact date" is not clear).

The thrust of Sneed's petition is that 2,701 days is not the right number— either because the court got it wrong (when the Third DCA explicitly said in 2012 that 2,701 days *was* the right number) or because the Department of Corrections lacked authority to rescind credit previously issued (which it did later in 2012 after the Third DCA ruled). Thus, in the end, his claim that he is entitled to immediate release—and that he has already served all he should serve—relies on his claim that he is (or was) entitled to more than 2,701 days' credit. And because there is a State

judgment (the Third DCA's 2012 order) saying 2,701 is all he gets, he is in custody pursuant to a state judgment.

All of this leads to the conclusion that § 2244's one-year time limit applied. Sneed had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), to challenge "the rescission of the 1,265 days," ECF No. 33 at 6. That clock started to run sometime in 2012. It was likely the Third DCA's order. But even if it was the DOC's subsequent rescission, it was still in 2012. And neither of those events was unknown to Sneed. *Compare* ECF No. 1 at 21 (Inmate Notice dated October 12, 2012 with tentative release date of 7/14/2023), *with id.* at 22 (Inmate Notice dated November 15, 2012 with tentative release date of 12/20/2026 (difference of 1,255 days)); *see also* ECF No. 25 at 86 (Sneed's petition for writ of certiorari dated October 2013 arguing that "in applying the additional award of the 2,701 days; [FDC] rescinded from the previous award of the 1,265 days" and citing FDC's calculated tentative release dates in September 2012 compared to November 2012). And Sneed acknowledges at least a five-year period during which nothing was pending related to this challenge, *see* ECF No. 33 at 6, so the petition is untimely.[2]

---

[2] Even if Sneed were correct that there is a distinction between his previous state-court challenge related to the award of an additional 2,701 days and a challenge

The report and recommendation (ECF No. 32) is APPROVED. The State's motion to dismiss (ECF No. 21) is GRANTED. A certificate of appealability is DENIED. The clerk will enter judgment that says, "The habeas petition is DISMISSED as untimely." The clerk will then close the file.

SO ORDERED on August 12, 2022.

s/ *Allen Winsor*
United States District Judge

---

related to FDC's rescinding 1,265 days, that would simply mean that his one-year period was never tolled because the factual predicate existed as early as 2012 either way. To be clear, the record does not support that distinction. *See* ECF No. 1 at 9 ("The record will reveal that on November 15, 2012 . . . the 1,265 days of the prior award thereof was illegally rescinded by 'FDOC.'"); *id.* ("On July 3, 2019 . . . petitioner *again attempted* to redress the illegal recission of the previous[] award of the 1,265 days . . . ." (emphasis added)).